Ana Valdés Monagas, demandante y apelada, *v.* F. A. C. Hastrup, demandado y apelante.

Núm. 9468.—*Sometido:* Febrero 13, 1947. *Resuelto:* Febrero 24, 1947.

*Edgar S. Belaval,* abogado del apelante; *L. Fernández Méndez,* abogado de la apelada.

EL JUEZ ASOCIADO SEÑOR TODD, JR., emitió la opinión del tribunal.

La apelada solicita la desestimación de este recurso alegando que la resolución apelada se dictó el 4 de septiembre de 1945 habiéndose radicado el escrito de apelación el 14 de septiembre y que a pesar del tiempo transcurrido el apelante no ha perfeccionado su recurso. Acompañó una certificación expedida por la Secretaría de la Corte de Distrito de San Juan acreditativa de los anteriores hechos y en la que se dice, además, que "de los autos originales . . . bajo mi custodia . . . no aparece que el demandado apelante haya solicitado prórroga de clase alguna para perfeccionar su apelación."

Notificado el apelante de la moción radicó un escrito de oposición en el cual, si bien admite los hechos expuestos por la apelada alega en contrario que han habido causas justificadas para la dilación habida en su perfeccionamiento, las cuales expuso.

Para mejor proveer sobre la moción de la apelada concedimos al apelante término para radicar una certificación de la secretaría de la corte inferior en relación con los hechos expuestos en su escrito de oposición. En dicha certificación se hace constar lo siguiente:

"Que de los autos originales del pleito civil arriba titulado y numerado archivado bajo mi custodia, y de los libros de registro y libros de minutas de este Tribunal aparece lo siguiente:

"1. Que el día 24 de septiembre de 1945 el demandado radicó en esta Secretaría una moción solicitando se ordenara la preparación de la transcripción de la evidencia y *que no aparece constancia de que la misma fuese resuelta en forma alguna por el juez a quien competía hacerlo.*

"2. Que el día 9 de mayo de 1946 el demandado radicó una moción fechada 30 de mayo de 1946, de reconstrucción de autos, acompañada de una copia de una moción solicitando la preparación de la transcripción de la evidencia, pidiendo que esta última moción se hiciera formar parte del récord en lugar de la que originalmente se había radicado, *la cual no aparecía en los autos.*

"3. Que el 14 de mayo de 1946 el Hon. Juez Borinquen Marrero declaró con lugar la moción solicitando la reconstrucción de autos y dictó una orden para que el taquígrafo, Sr. Oscar Gandía, preparase la transcripción de la evidencia.

"*4. Que no aparece constancia de que ninguna de las dos resoluciones de 14 de mayo de 1946 fueran notificadas al demandado ni a su abogado o que fueran notificadas al taquígrafo.*

"Que la suscribiente, en su carácter oficial, tiene conocimiento personal de los siguientes hechos

"1. *Que el legajo de este caso estuvo extraviado por tres o cuatro meses y, aun cuando la suscribiente no puede precisar las fechas, según su mejor recuerdo ello ocurrió para fines del año 1945.*

"2. *Que el legajo del caso al fin apareció pero faltaban varios documentos radicados mientras el expediente estuvo extraviado, o sea: la notificación de la sentencia, el escrito de apelación y la moción solicitando la preparación de la transcripción de la evidencia* y que, aun cuando la suscribiente no puede precisar las fechas, según su mejor recuerdo *se tardó unos dos meses antes de que pudieran localizarse los primeros dos documentos, no habiendo sido posible localizar nunca el tercero.*

"3. Que la suscribiente no puede precisar el número de veces ni las fechas pero que sí le consta que durante el período antes mencionado el abogado del demandado, Lcdo. Edgar S. Belaval, estuvo en numerosas ocasiones en la secretaría y en el archivo del Tribunal gestionando la búsqueda, primero del legajo del caso y luego de los documentos que faltaban.

"4. Que a la suscribiente le consta, en su carácter oficial, que el taquígrafo, Sr. Oscar Gandía, estuvo enfermo y ausente de su trabajo durante los últimos meses del año 1945." (Bastardillas nuestras.)

Basta una lectura de esta segunda certificación y especialmente de las frases que hemos subrayado, para llegar a la conclusión de que el apelante no ha sido negligente en la tramitación de su recurso y que no procede la desestimación solicitada.

Los hechos expuestos en dicha certificación demuestran, 1ro., que el apelante solicitó en tiempo se ordenara al taquígrafo la preparación de la transcripción de la evidencia y que no hay constancia en los autos de que la moción fuera resuelta en forma alguna por el juez a quien correspondía hacerlo; 2do., que el legajo del caso se extravió por varios meses y al encontrarse faltaban varios documentos radicados, de los cuales algunos pudieron localizarse dos meses después; 3ro., que el apelante gestionó primero la búsqueda del expediente y luego obtuvo su reconstrucción y que se ordenara de nuevo al taquígrafo la preparación de la transcripción de la evidencia, y 4to., que no obstante haberse dictado estas resoluciones el 14 de mayo de 1946, todavía el 19 de febrero de 1947, cuando la Secretaría expidió su última certificación, no aparece constancia en los autos que demuestre que ninguna de las dos resoluciones fueron notificadas al demandado, ni a su abogado, o que fueran notificadas al taquígrafo.

Es realmente inexplicable que estas cosas ocurran en una corte de récord como la Corte de Distrito de San Juan. Puede excusarse, por motivos justificados, el extravío de un expediente o de unos documentos aislados en un archivo oficial grande como sin duda lo es el de la corte inferior, empero, ¿qué justificación puede haber para que después de haberse localizado el expediente y reconstruído en cuanto a los documentos que le faltaban, una orden dictada el 14 de mayo de 1946 no haya sido aún notificada ni a la parte proponente ni al taquígrafo?

El abogado del apelante ha hecho cuanto estuvo a su alcance para perfeccionar su apelación y no puede atribuírsele la negligencia del funcionario o empleado responsable de los hechos apuntados.

*No ha lugar a la desestimación solicitada.*